UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACIFIC NORTHWEST REGIONAL COUNCIL OF CARPENTERS,<br><br>Petitioner,<br><br>v.<br><br>SPEE WEST CONSTRUCTION COMPANY,<br><br>Respondent. | CASE NO. 2:23-cv-00061-LK<br><br>ORDER GRANTING UNOPPOSED MOTION TO SEAL |

This matter comes before the Court on Respondent Spee West Construction Company's Motion to Seal two documents related to its Motion for Extension of Time. Dkt. No. 20; *see* Dkt. No. 23. Petitioner Pacific Northwest Regional Council of Carpenters does not oppose Spee West's motion. *See* Dkt. No. 20 at 2. Spee West's request for an extension follows the Court's April 20, 2023 Order striking its cross-motion and response to Pacific Northwest's Motion to Compel Arbitration, Dkt. No. 14, and ordering Spee West to show cause why it should not be sanctioned,

ORDER GRANTING UNOPPOSED MOTION TO SEAL - 1

Dkt. No. 19. For the reasons contained herein, the Court grants Spee West's motion; Docket Numbers 21 and 22 shall remain under seal.

## I.   DISCUSSION

### A.   Legal Standard

Courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when a court considers a sealing request, its starts with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (2003). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Id.*

"[P]ublic access to filed motions and their attachments" depends on the whether the motion to which the sealed documents are appended is "more than tangentially related to the merits of a case." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). If the motion is more than tangentially related to the merits of the case, the court must apply the "compelling reasons" standard to the motion to seal. *See id.* at 1102. If the motion is only tangentially related to the merits, the party seeking to seal the records need only show "good cause" to seal those records. *See id.* at 1097.

Additionally, in the Western District of Washington, parties moving to seal documents must comply with the procedures established by Local Civil Rule 5(g). Under that rule, the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not

sufficient." LCR 5(g)(3)(B). And a motion to seal must include a "certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal[.]" LCR 5(g)(3)(A).

### B.     Meet and Confer

As an initial matter, counsel for Spee West has certified that the parties conferred by telephone on April 26, 2023 to discuss the need for maintaining the documents under seal, reducing the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal. Dkt. No. 20 at 2. The motion also includes a "specific statement of the applicable legal standard and the reasons for keeping a document under seal[.]" LCR 5(g)(3)(B); *see* Dkt. No. 20 at 3–4. Thus, the motion complies with the requirements of Local Civil Rule 5(g).

### C.     Spee West Has Demonstrated Good Cause for Sealing Health Declarations

Spee West seeks to maintain two documents under seal, a "Health Declaration of Terry R. Marston" and a "Declaration of John Berner, M.D.," both filed in support of its response to the Court's Order to Show Cause and pending motion for an enlargement of time to respond to Pacific Northwest's motion. Dkt. No. 20 at 1; *see* Dkt. No. 23. Because the contents of the sealed documents are only tangentially related to the merits of the case, the Court finds that the "good cause" standard applies. *See Ctr. for Auto Safety*, 809 F.3d at 1097, 1101–02.

Spee West has shown good cause for filing these documents under seal; namely, counsel's legitimate privacy interest in his personal health and medical information. Dkt. No. 20 at 3–4. In addition, a less restrictive alternative would not be practicable as the sealed declarations are not documents that can be easily redacted. Considering this, the Court finds that the sealing request is narrowly tailored to protect counsel's privacy interests. Therefore, it is appropriate to keep Docket Numbers 21 and 22 under seal.

## II.  CONCLUSION

For the foregoing reasons, the Court GRANTS Spee West's motion, Dkt. No. 20, and permits the two declarations, Dkt. Nos. 21, 22, to remain under seal.

Dated this 3rd day of May, 2023.

                                      Lauren King
                                      United States District Judge